## STATE v. CATALDO.

### No. 43910.

Supreme Court of Missouri.

Division No. 2.

June 14, 1954.

Charles M. Shaw and Wayne C. Smith, Jr., Clayton, for appellant.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

WESTHUES, Commissioner.

The defendant Anthony Cataldo was convicted in the Circuit Court of St. Louis County, Missouri, of the crime of rape and sentenced to imprisonment in the State Penitentiary for a term of two years. His motion for new trial was overruled and an appeal was timely taken to this court.

The principal contention on this appeal is that the evidence was insufficient to justify a verdict of guilty on a charge of rape by force. This requires a full statement of the facts.

The only evidence in the record is that of the prosecutrix. Her evidence shows the following to have occurred: Prosecutrix was 16 years old at the time the offense was alleged to have been committed, that is, August 19, 1951. She had known one Frank Ingargiola for about four months and had attended picture shows with him. On the evening of August 19, Frank called for prosecutrix at about seven o'clock in the evening and took her to a "Drive In" theatre on Highway 66 where they saw a show called "Dangerous Assignment." At about eleven o'clock they left the theatre and Frank suggested they drive to a point near Coldwater Creek to see some waterfalls. After driving some distance off the main highway, Frank parked the car near a creek. There were no waterfalls and prosecutrix asked to be taken home. Frank looked at his watch and stated he would leave in five minutes. Soon thereafter three young men appeared who were not then known to the prosecutrix. They were the defendant Anthony Cataldo and Ray

Sieve and Joseph Vitale. Defendant and Sieve came to the car and informed prosecutrix and Frank that they were state troopers and wanted to know what they were doing in the car. Defendant and Sieve had badges which read "Sheriff." Frank was ordered to get out of the car and the car was searched; then Frank was taken to the rear of the car where one of the men held him and another beat him. Later developments disclosed that this was a sham battle. Frank then came to the car and told prosecutrix that his jaw was swollen and hurting; that the men wanted money. Prosecutrix had no money and Frank returned to the men; after some conversation he returned to the car and said the men were not going to let them go until she would submit to having sexual intercourse with them. During this time prosecutrix told the men they had no right to hold her and one of them informed her she had better not try to escape; that they were going to take her to jail; that there would be no trial and she would be taken to the "Good Shepherd Convent." Sieve doubled up his fist and said, "You had better not get smart with me, because I am not going to take it." One of the men said to her that she could not escape because "there is four of us and only one of you." Prosecutrix was then ordered to get in the back seat of the car and the three strange men each in turn had sexual relations with her. Thereafter Frank came to the car and informed prosecutrix that the three men would not let them go until he, Frank, would also have sexual relations with her. Frank pretended to protest but nevertheless committed the act.

▮ The defendant insists that the evidence was insufficient to sustain a charge of rape by force. He argues that the prosecutrix did not resist to the utmost of her physical ability. It is suggested that she did not scratch, bite, or strike the defendant or any of the four men. We wonder of what avail it would have been for this 16-year old girl to attempt to fight off these four men. The alleged offense took place at about 11:30 p. m. in a secluded spot where screams would not have been heard and no help was in sight. That these four men conspired against this girl is beyond question. Her escort Frank acted the part of a traitor. We deem the evidence sufficient for a jury to find that prosecutrix was forcibly ravished. In a very early case, State v. Dusenberry, 112 Mo. 277, 20 S.W 461, loc. cit. 466, cited by defendant, this court quoted with approval the following taken from Bish.Crim.Law (7th Ed.) Sec. 1125: "'A consent induced by fear of personal violence is not consent; and though a man lay no hands on a woman, yet if, by an array of physical force, he so overpowers her mind that she does not resist, he is guilty of rape by having unlawful intercourse.'" See also State v. Moore, Mo., 143 S.W.2d 288, loc. cit. 289 (1–3); 75 C.J.S., Rape, § 15, p. 481.

The trial court instructed the jury that if the prosecutrix consented to the act of intercourse, then the defendant was not guilty. The trial court also instructed the jury that for the act of intercourse to constitute rape it must have been without the consent of the prosecutrix and against her will. We hold that the question of consent on the part of the prosecutrix was properly submitted to a jury. The evidence was sufficient to support the verdict.

Appellant also urges that the evidence was insufficient to show that appellant did in fact have sexual intercourse with prosecutrix. We cannot agree. Appellant and his associates informed the prosecutrix what they expected to do in language that is not to be found in many dictionaries. However, such language as was used is well understood. It was so decided in Edgar v. McCutchen, 9 Mo. 768; 37 C.J.S. p. 1391. That language, when considered in connection with the evidence of the prosecutrix in describing what the defendant did, proved beyond doubt that the defendant did have sexual intercourse with prosecutrix.

▮ The defendant says the trial court admitted in evidence statements made by persons other than the defendant and not in the defendant's presence. The evidence to which defendant objected was evidence of statements made by the defend-

ant's companions at the scene of the alleged offense. The evidence showed beyond any question that the four young men aided and abetted each other and were co-conspirators in the commission of the alleged offense. The evidence of the statements made by any one of them was binding on the others.

Defendant complains of an instruction but no mention was made of this in the motion for new trial. The point was not preserved for review.

We have examined the record and the points relied on and find the defendant had a fair trial and the judgment is hereby affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court.

LEEDY, Acting P. J., and DEW and STONE, Special Judges, concur.